# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>EMAD ELAYYAN,<br><br>*Defendant.* | Case No. 4:25-cr-342-MAL-RHH (SRW) |

### MEMORANDUM AND ORDER

Emad Elayyan is charged with conducting violent armed robberies throughout several states in violation of 18 U.S.C. § 1951(a), 18 U.S.C. § 924(c)(1)(A), and 18 U.S.C. § 924(c)(1)(A)(ii).  Doc. 1.  Upon the government's motion and after a hearing, *see* Doc. 4 (motion) and 27 (hearing transcript), the presiding magistrate judge[1] issued an Order of Detention Pending Trial.  Doc. 22.  Elayyan now moves to revoke the Order of Detention, seeking review of the magistrate judge's order under 18 U.S.C. § 3145(b).[2]  Doc. 34.  Based on the record before the Court, Elayyan's motion will be denied.

### Standard and Scope of Review

This Court reviews a magistrate judge's detention order *de novo*.  *See United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc).

A defendant may be detained before trial "if the government shows by clear and convincing evidence that no release condition or set of conditions will ***reasonably assure*** the safety of the community and by a preponderance of the evidence that no condition or set of conditions … will ***reasonably assure*** the defendant's appearance[.]"  *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (citing 18

---

[1] United States Magistrate Judge Stephen R. Welby.
[2] Under 18 U.S.C. § 3145(b), "If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly."

U.S.C. § 3142(c), (e)–(f) (emphasis and ellipses in original). To determine whether such conditions exist, the Court considers: "(1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the seriousness of the danger to the community or to an individual." *Id.* (citing 18 U.S.C. § 3142(g)).

Because there is probable cause to believe that the defendant committed an offense under 18 U.S.C. § 924(c), *see* Doc. 1, there is a statutory presumption that no condition or set of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. 18 U.S.C. § 3142(e)(3)(B). The defendant bears a burden of production to rebut this presumption by presenting evidence that he does not pose a danger to the community or a risk of flight. *See Abad*, 350 F.3d at 797. Even if that burden is met, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the [Court]." *Id.*

## Analysis

Defendant Elayyan failed to rebut the statutory presumption favoring detention. Doc. 22 at 2. Considering that presumption, the factors set forth in 18 U.S.C. § 3142(g), the information presented at the detention hearing, the information provided in the Pretrial Services Report (Doc. 20), and the available conditions of release under 18 U.S.C. 3142(c); the magistrate judge found that no condition or set of conditions could reasonably assure the safety of other persons and the community, nor reasonably assure the defendant's appearance as required. Doc. 22 at 3, 4.

Adopting the facts set forth in the Pretrial Services Report, *see* Doc. 22 at 3–4, the magistrate judge highlighted the violent nature of the crimes charged; the weight of the evidence against Elayyan; the lengthy sentence to be imposed in the event of a conviction; Elayyan's lack of significant family or other ties to the community; Elayyan's significant family ties outside the United States, and the serious danger Elayyan's release poses to others or the community. Doc. 22 at 3. In particular, the magistrate judge noted that Elayyan is accused of committing violent armed

robberies in multiple states. *Id.* at 4. During one of those robberies, a customer was allegedly used as a human shield. *Id.* And although Elayyan has ties to Chicago, his extended family lives in Jordan where his co-defendants allegedly fled to after Elayyan was arrested. *Id.*

The Court has carefully considered the evidentiary record and arguments of counsel. After conducting a review of the entire record *de novo*, the Court finds that the government has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community, and by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Elayyan's appearance as required. The Court also finds that the magistrate judge properly considered and weighed all factors, both for and against Elayyan's detention, including: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against Elayyan; (3) Elayyan's history and characteristics; and (4) the nature and seriousness of the danger to the community or an individual that would be posed by Elayyan's release. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Elayyan's Motion for Review and Revocation of Order of Detention and Request for Immediate Release with Appropriate Conditions (Doc. 34) is **DENIED**. The magistrate judge's Order of Detention Pending Trial (Doc. 22) is **REAFFIRMED** and **ADOPTED**.[3]

Dated this 3rd day of February, 2026.

*Maria A. Lanahan*
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE

---

[3] If after review of the same record and factual findings, the district court agrees fully with a magistrate judge's order and reasons, it may adopt the order. *United States v. Cook*, 87 F.4th 920, 924–25 (8th Cir. 2023) (citations omitted). Adopting a magistrate judge's decision " 'obviate[s] the need for the district court to prepare its own written findings of fact and statement of reasons.' " *Id.* (quoting *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988)).